**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIMON ISAKOV, on behalf of himself and      :      Case no. 1:25-cv-1407
all others similarly situated,      :

         Plaintiffs,      :

         v.      :

PARCHED HOSPITALITY GROUP, INC.,      :      <u>MOTION FOR ATTORNEY'S FEES</u>

         Defendant.      :

     :

     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **INTRODUCTION**

COME NOW, Plaintiff, SIMON ISAKOV, on behalf of himself and all others similarly situated, moves this Honorable Court for an entry of reasonable attorney's fees, including litigation expenses and costs, and in support thereof states as follows:

The statute that allows attorney's fees comes from 42 U.S. Code § 12205, which in its entirety states "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

Courts are encouraged to follow the *Johnson* factors to establish reasonable attorney's fees. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The lodestar, or presumptive reasonable fee is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). A reasonable hourly rate is "the rate prevailing in the [relevant]

community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005).

"Requested fees must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Abdell v. City of New York*, No. 05-CV-08453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015) (internal quotation marks omitted).

Attached hereto are Exhibit A, Affidavit in Support of Damages and Exhibit B, Statement of Damages.

WHEREFORE, Plaintiff respectfully demands this Honorable Court grant Plaintiff's Motion for Attorney's Fees as laid out in Plaintiff's Statement of Damages.


Dated: Flushing, NY

May 28, 2025


EQUAL ACCESS LAW GROUP PLLC

*Attorney for Plaintiff*


/s/ **_Asher Cohen_**
By: Asher H. Cohen, Esq.
68-29 Main Street,
Flushing, NY 11367
Tel: +1 (718) 914-9694
Email: acohen@ealg.law