```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
SIMON ISAKOV,                                            :
                                                         :
                          Plaintiff,                     :
                                                         :      25-CV-1407 (VSB)
              - against -                                :
                                                         :             ORDER
                                                         :
PARCHED HOSPITALITY GROUP, INC.,                         :
                                                         :
                          Defendant.                     :
                                                         :
---------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On May 22, 2025, Plaintiff, a legally-blind individual, obtained a default judgment against Defendant on Plaintiff's claims that Defendant's operation of a website inaccessible with screen-reader technology violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; the New York State Civil Rights Law ("NYSCRL"), N.Y. Civ. Rights L. § 40 *et seq.*; the New York State Human Rights Law, ("NYCHRL"), N.Y. Exec. L. § 296(2)(a); and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-102 *et seq.* (*See* Doc. 1 ("Compl."); Doc. 15 (Judgment).) Now before me is Plaintiff's motion for attorneys' fees and costs, (Doc. 16 ("Mot.")), as well as a supporting affidavit, (Doc. 16-1 ("Cohen Aff.")), and a supporting accounting of fees and costs, (Doc. 16-2 ("Fee Stm.")). For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

"Both the ADA and city law allow a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs." *Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-1509, 2021 WL 1198960, at *4 (S.D.N.Y. Mar. 30, 2021) (citing 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(f)). Obtaining a default judgment qualifies plaintiff as a prevailing

party. *See id.*; *Juscinska v. Meson Sevilla, Ltd.*, No. 19-CV-5284, 2021 WL 706548, at *1 (S.D.N.Y. Feb. 23, 2021).

With regard to litigation expenses and costs, Plaintiff seeks $405 in filing fees, $75 in process server costs, and $1,000 for a "Manuel [sic] and Automated Accessibility Report from Website Accessibility Consultants," (the "Accessibility Report"). (Fee Stm.) Plaintiff's request for $405 in filing fees and $75 in service costs is granted as consistent with cost awards in this District. *E.g.*, *Winegard*, 2021 WL 1198960, at *4 (granting request for filing fee and process service fee); *Juscinska*, 2021 WL 706548, at *1 (same).

The $1,000 Accessibility Report is an "expert fee[]," which courts may award under the ADA provided the party seeking them has shown the requested fee is "reasonable." *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 217–18 (E.D.N.Y. 2019) (quoting *Spalluto v. Trump Int'l Hotel & Tower*, No. 04-CV-7497, 2008 WL 4525372, at *17 (S.D.N.Y. Oct. 2, 2008)); *see also Brown v. Green 317 Madison, LLC*, No. 11-CV-4466, 2014 WL 1237448 (E.D.N.Y. Feb. 4, 2014) (categorizing "contractor retained by plaintiff to identify and document the barriers to access" as an expert witness), *report and recommendation adopted*, 2014 WL 1237127 (E.D.N.Y. Mar. 25, 2014). "It is well established that the party seeking reimbursement for expert fees bears the burden of proving reasonableness." *Id.* (citing *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09-CV-7830, 2012 WL 5177491, at *5 (S.D.N.Y. Oct. 19, 2012)). "If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." *Addison v. Gordon*, 338 F.R.D. 577, 579 (S.D.N.Y. 2021) (internal quotation marks omitted). Here, Plaintiff has provided no information on the consultant's "experience in ADA compliance," time spent, hourly rate charged (if any), or any of the other factors courts consider in determining a reasonable expert fee. *Feltzin*, 939 F. Supp. 3d at 218; *see also*

2

*Addison*, 338 F.R.D. at 579 (listing factors such as "the education and training required to provide the expert insight, . . . the prevailing rates of other comparably respected available experts, . . . and fees traditionally charged by the expert on related matters" (internal quotation marks omitted)).  Thus, I will deny Plaintiff's request for costs of $1,000 for the Accessibility Report at this time.  Plaintiff may resubmit a separate request for these costs.

       Finally, I address Plaintiff's request for legal fees of $2,825, comprising 6.25 hours of work performed by Attorney Asher Cohen billed at a rate of $450 per hour.  (Fee Stm.)  "When assessing whether legal fees are reasonable, the Court determines the 'presumptively reasonable fee' for an attorney's services" by "first determin[ing] a reasonable hourly rate for the legal services performed," then evaluating "the reasonableness of the hours expended by counsel." *Feltzin*, 393 F. Supp. 3d at 211 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008); *Labarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 WL 746490, at *4–5 (E.D.N.Y. Mar. 19, 2008)).  Here, I find that Attorney Cohen's rate of $450 per hour is reasonable in light of the prevailing rates in this District for ADA cases and Attorney Cohen's experience handling similar cases in this District as the Managing Partner of Equal Access Law Group, PLLC.  *Cf. Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 496 (S.D.N.Y. 2019) ("Other judges within this District have found the customary rate for experienced litigators ranges from about $400 to $600 per hour in civil rights and ADA cases."); *Winegard*, 2021 WL 1198960, at *4 ("[T]he prevailing rate in the Southern District for ADA cases is around $400.").  I also find that billing for 6.25 hours on this litigation represents "hours reasonably expended" in this relatively straightforward matter. *Juscinska*, 2021 WL 706548, at *2.  Thus, I will grant Plaintiff's request for $2,825 in attorneys' fees.

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART.  Plaintiff is awarded $480 in costs and $2,825 in attorneys' fees.  Plaintiff's request for $1,000 on the Accessibility Report is DENIED without prejudice to refiling such request no later than July 7, 2025.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 16.

SO ORDERED.

Dated: June 3, 2025
      New York, New York

Vernon S. Broderick
United States District Judge